Moncure, J.
This is an appeal from a decree perpetually enjoining a judgment on a bond given for the purchase money of one-sixteenth of the mines and minerals in a certain tract of land. Relief is sought against the judgment on the grounds, first, of fraud in making the sale; and secondly, of want of title. Let us see whether and how far such relief should be granted.
First. On the ground of fraud. The appellee has wholly failed to prove that the appellant was guilty of any fraud in making the sale. I have carefully examined and considered the evidence in the case, and am of opinion that so far from sustaining the allegations of fraud contained in the bill, it proves the contrary. I deem it unnecessary to review the evidence in detail.
But it is argued by the counsel for the appellee, that the appellant had only a conditional interest in the mine, and, in selling an absolute interest, sold what was not his; and was therefore guilty of a fraud. A sufficient answer to this argument is, that the appellee made the purchase with full knowledge of the nature of the appellant’s interest: and it is difficult to conceive how, in such a case, a vendor can be guilty of fraud in selling a greater interest than he has. The fact no doubt is, that the appellant, in the view of the parties, substantially had the interest which he sold. That interest was his if the mine was of any value; and if of no value, the matter was of no real importance. . The material difference between Billings’ contract with him and his with the appellee was, that by the former the purchase money was to *142 be paid conditionally, whereas by the latter it was to be paid absolutely. It was certainly competent for the appellant, having purchased an interest for a sum of money payable conditionally, to sell it for a sum payable absolutely. The interest being his, however acquired, could lawfully be sold on such terms as might be agreed on between him and the purchaser. In selling an absolute, when he had only a conditional interest, he may have sold what, formally, was not his. But he did not thereby deceive the purchaser, nor do any injustice to Billings, who was probably privy to the sale, and at all events would be willing to ratify it on receiving the purchase money which the appellant had stipulated to pay him. To obtain the ratification of Billings, the appellant had only to dispense with the condition annexed, for his benefit, to his purchase, and make it absolute. Indeed, he might make his purchase absolute by admitting for that purpose that the mine was valuable. And he would be benefited by doing so, even if it were necessary for him to pay for the three-sixteenths purchased of Billings, to insure the sale of one-sixteenth to the appellee.
Secondly. As to the want of title. The appellee knew at the time of his purchase, that Billings held the land by a mere title bond from Doughten; for the fact is recited in his contract. But he avers in his bill that neither Billings nor Doughten is vested with the title; and that it is outstanding in another person, upon whom there is no obligation to convey it. The name of that person is not stated in the bill. But it appears from the evidence that Jesse Austin claims a part of the land, and has recently brought an action of trespass against Billings. When the claim was first asserted, does not appear; though it probably was not until after the sale to the appellee. The fact, however, is not material. Before the claim was asserted Austin purchased from Billings an interest in the mine; and *143 he has since given his bond to the appellant and others to sell to them on the same terms on which they had purchased from Billings, if any part of the minerals should be on any part of his land. Therefore, if it should turn out that Austin is entitled to any part of the land included in the bounds of the tract sold by Doughten to Billings, the appellant would have the same right to perfect his title to one-sixteenth of the minerals on that part as on the residue of the tract. At all events, the appellant having been guilty of no fraud in making the sale, and there being no just ground for rescinding it, he ought to have a reasonable opportunity of perfecting the title if it be defective. He conveyed the interest to the appellee at the time of the sale, who has since, in effect, been in the enjoyment of it, and explored and worked the mine. It is true he says in his bill, that he had recently determined to make a further experiment, and went for that purpose to the land, when Billings forbid and refused to permit him to work upon it. But it is proved that this was by the procurement of the appellee, and a mere contrivance to avoid the sale and evade the payment of the purchase money. It appears, from exhibits filed in the cause and copied into the record, that since the suit was instituted Doughten has conveyed the land to Billings; and the latter has conveyed one-sixteenth of the mines and minerals on the land to the appellant. So that it is probable the title is either already perfect, or may be made so by a release from Austin, if he has any right to any part of the land. But the appellee ought not to be compelled to pay the purchase money without having a good title.
I therefore think the decree should be reversed, and the cause remanded, with directions to the Circuit court to ascertain whether a good title has been or can be made; and if it has been, or can and shall, in a reasonable time, be made, to dissolve the injunction; *144 otherwise, to perpetuate it. But as the appellee had not received a good title when the hill was filed, and therefore rightfully came into a court of equity to enjoin the judgment, he should recover his costs in the Circuit court, in any event, and should pay no damages in case the injunction should be dissolved.
The other judges concurred in the opinion of Judge Moncure.
The decree was as follows:
The court is of opinion, that the contract of sale in the proceedings mentioned, between the appellant and appellee, was fairly made without any fraud or misrepresentation; and there is no just ground for rescinding it: That the Circuit court ought to have ascertained, by reference to a commissioner or otherwise, whether a good title had been or could be made by the appellant to the appellee, to one-sixteenth of the mines and minerals which may be on the tract of land referred to in the said contract; and ought to have dissolved the injunction, if such title had been, or could and should in a reasonable time be made; or to- have perpetuated it if otherwise: and that therefore the said decree is erroneous. Therefore the same is reversed with costs; and the cause is remanded to be further proceeded in according to the- foregoing opinion. But as the appellee had not received a good title when his bill was filed, and therefore rightfully came into a court of equity to enjoin the judgment, he should recover his costs in the Circuit court, in any event, and should pay no damages.in case the injunction should be dissolved.